## MARGARET W. LAWRENCE *vs.* FRANCIS B. WILSON.

Essex.   November 16, 1893. — January 3, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, & MORTON, JJ.

*Trespass quare Clausum — Disclaimer — Receipt — Admissions.*

In an action for breaking and entering the plaintiff's close, it appeared that the plaintiff's predecessor in title executed a disclaimer of all right in the locus. *Held,* that he could not invalidate it or make evidence for himself by subsequent declarations in his own favor.

The administrator of the predecessor in title of the defendant in an action for breaking and entering the plaintiff's close cannot affect the title to the land by an admission.

TORT, for breaking and entering the plaintiff's close in Marblehead, and tearing down a structure erected thereon. The answer was a general denial. At the trial in the Superior Court, without a jury, before *Hopkins*, J., there was evidence tending

to show that the plaintiff and defendant owned adjoining prem-
ises, and that an open space about three feet wide extended
between the houses on the two premises, and a door opened
from the plaintiff's house into this space.   The trespass alleged
was the entry by the defendant upon this space, and the dem-
olition of a covered structure extending from this door to an
outbuilding at the end of the plaintiff's house.   The plaintiff
derived her title through her husband, Edward A. Lawrence, who
took possession of the premises in 1869, finding them enclosed
as at the date of the writ.   Shortly after taking possession, he
built a covered way over the entire breadth of the space in
question between the houses, and extending from the door above
mentioned to the outbuilding.   Complaint having been made
by Susan Gray, the defendant's predecessor in title, the structure
was made narrower by Lawrence.   Later, an interview took
place between Lawrence and Mrs. Gray, at which they alone
were present.   No evidence was given as to what was said at
this interview, and both Lawrence and Mrs. Gray are dead.
Subsequently, in 1876, Lawrence executed the following paper,
which was delivered to the defendant for Mrs. Gray and duly
recorded : " Having been allowed the privilege of building a
covered passageway in a northwest and southeast direction on the
land belonging to Mrs. Susan Gray, between her house and the
house of the Rev. Edward A. Lawrence, I do hereby agree and
do bind myself and heirs and assigns to pay annual rent of one
dollar to said Mrs. Gray or owner of said property, and further-
more do agree to remove said covered passageway on the receipt
of notice so to do from said Mrs. Gray or the owner of said
property, she giving me, or my heirs or assigns, fourteen days'
notice, and I now declare that I have no right claim or easement
whatever in, upon, or under any part of the land on which said
passageway is built."   In accordance with its terms, Lawrence
made the payment provided for until the death of Mrs. Gray in
1880, but after her death refused to make any payment.   Pay-
ment was demanded by the defendant, but refused.   It was
claimed by the plaintiff that this agreement was executed by
Lawrence without consideration, under a misapprehension as
to his rights.

The defendant was asked, on cross-examination, if he ever

had any talk with Lawrence in which he refused to pay rent. The defendant answered, "Yes, sir; I told him of this agreement." He was also asked what conversation he had with Lawrence at the time of his refusal to pay rent. Objection was made by the defendant's counsel, and the plaintiff's counsel stated that his contention was that the paper was signed under a misapprehension altogether on Lawrence's part as to his rights, and he wanted to show what Lawrence said about it afterwards. The judge excluded the question and evidence, and the plaintiff excepted.

Mrs. Gray died in 1880, and one Brown was made her administrator. Brown died before the day of the trial, and the plaintiff offered in evidence a receipt dated October 15, 1881, which it was admitted was in the handwriting of Brown, signed by Lawrence, and found among the papers of Brown relating to the estate of Mrs. Gray. The receipt was as follows: "Rec'd of W. B. Brown, adm'r Est. Susan Gray, one dollar paid him by me erroneously for rent of land." The plaintiff offered it as evidence of an admission that the payment of rent by Lawrence under the paper executed by him was erroneous, and a disclaimer of right by Mrs. Gray's estate. The judge excluded the paper, and the plaintiff excepted.

In 1883, demand was made by the defendant for the removal of the covered way under the agreement. This was refused, but the demand was not insisted upon. In 1890 the demand was renewed, and, on the plaintiff's refusal to comply with it, the defendant entered on the premises and tore down the structure.

The judge found for the defendant, accompanying his decision with the following memoranda:

"1. The pleadings do not require a determination, upon the face of the earth, of the boundary line between the estate of the parties; but

"2. The plaintiff proceeds upon the proposition that the act of the defendant, of which she complains, was committed upon her land, that her close was broken and entered upon; so that

"3. The burden of proof was upon her to establish the boundary line so as to include within it the act of the defendant. I am not satisfied, by a fair preponderance of the evidence, that

the defendant broke and entered the close of the plaintiff, and I find for the defendant."

The plaintiff alleged exceptions.

*S. J. Elder & W. C. Wait,* (*E. A. Whitman* with them,) for the plaintiff.

*H. P. Moulton & W. C. Fabens,* for the defendant.

HOLMES, J.    1. The plaintiff's predecessor in title executed a disclaimer of all right in the locus.   He could not invalidate it, or make evidence for himself, by subsequent declarations in his own favor.   The fact that the moment selected for such a declaration was when he refused to pay rent, as covenanted in the instrument, does not better it.   The evidence was offered not to show Lawrence's state of mind at the moment of speaking, which was immaterial, but to prove the past facts recited. *Elmer* v. *Fessenden,* 151 Mass. 359, 362.

2. The receipt was properly excluded.   The administrator of the defendant's predecessor in title could not affect the title to land by an admission.   Moreover, it does not appear that the receipt implied an admission.   The error may have been in the payment, as stated, not in the execution of the instrument under which the payment was made.   Furthermore, both pieces of evidence were offered to support the immaterial proposition that the agreement was executed by Lawrence without consideration, under a misapprehension as to his rights.

*Exceptions overruled.*